1  CHARLES S. PAINTER (SBN 89045)
   REGINALD A. DUNN  (SBN 192632)
2  ERICKSEN, ARBUTHNOT, KILDUFF,
   DAY & LINDSTROM, INC.
3  100 Howe Avenue, Suite 110 South
   Sacramento, CA   (95825-8201)
4  (916) 483-5181 Telephone
   (916) 483-7558 Facsimile
5
   Attorneys for Defendants THOUSAND TRAILS MANAGEMENT SERVICES,
6  INCORPORATED, a Nevada Corporation; and NATIONAL AMERICAN CORPORATION LP,
   a Delaware limited partnership
7

8
                        IN THE UNITED STATES DISTRICT COURT
9
                        EASTERN DISTRICT OF CALIFORNIA
10                              FRESNO DIVISION

11
   TIMOTHY CYRUS TOURKAKIS,        )   1:07-CV-748 LJO- DLB
12                                 )
       Plaintiff,                  )   **STIPULATION AND ORDER TO**
13                                 )   **MOVE PRE-TRIAL SCHEDULING**
   vs.                             )   **DATES**
14                                 )
   THOUSAND TRAILS MANAGEMENT      )   [FRCP section 35(a)(b)]
15 SERVICES INCORPORATED, a Nevada )
   Corporation;  NATIONAL AMERICAN )
16 CORPORATION LP, a business entity of )
   unknown form;  YOSEMITE LAKES   )
17 RESORT, a business entity of unknown )
   form;  and DOES 1 through 50, inclusive, )
18                                 )
       Defendants.                 )
19                                 )

20        COME NOW, plaintiff TIMOTHY CYRUS TOURKAKIS by and through his attorney of

21 record, Rachel M. Pusey of the THE DOLAN LAW FIRM; defendants THOUSAND TRAILS

22 MANAGEMENT SERVICES INCORPORATED, and NATIONAL AMERICAN CORPORATION

23 LP, by and through their attorney of record, Charles S. Painter of the law firm ERICKSEN,

24 ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC., and pursuant to the Federal Rules of Civil

25 Procedure, Rule 16, (b) submit the following stipulation for the court's consideration:

26        Although Defendants have been diligent in their efforts to obtain all information and

27 documentation necessary to complete their Rule 26(a) initial disclosure, Defendants have been

28 STIPULATION AND ORDER RE INITIAL DISCLOSURES          -1-
   07-056/PLEADING.019
   CSP:RAD:

unable to obtain all necessary information. Defendants need an additional 14 days to complete the initial disclosure. As such the parties stipulate to an order as follows:

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Rule 26 (a) Disclosure | December 5, 2007 | December 19, 2007 |

# I.

## THE NATURE OF THE CASE

This action arises out of Plaintiff's employment as a Preserve Manager for camping grounds operated by Defendants. Plaintiff alleges that Defendants discriminated and failed to accommodate him on the basis of his chronic medical condition and/or physical disability. Plaintiff claims he suffers from an "atrial flutter." In late May of 2005, Plaintiff claims he began experiencing heart and chest pain. Plaintiff visited a cardiologist on or about June 15, 2005 who informed him he needed immediate medical testing and must take a leave of absence from work. Plaintiff alleges he sent the doctor's note to his employer and spoke to an individual in the Human Resources department of Defendants. Plaintiff claims he was told he had 200 hours of accrued sick time. Plaintiff was away from work for two weeks. Plaintiff contends that when he returned, ready, willing and able to work on July 14, 2005, he was terminated the same day.

Plaintiff's complaint sets forth the following causes of action:

    a. Discrimination Based on Disability in Violation of FEHA;
    b. Failure to Accommodate Disability in Violation of FEHA;
    c. Failure to Interact in Good Faith Process in Violation of FEHA;
    d. Failure to take Reasonable Steps to Prevent Discrimination in Violation of FEHA;
    e. Failure to Take Appropriate Corrective Action in Violation of FEHA;
    f. Wrongful Termination in Violation of Public Policy; and
    g. Intentional Infliction of Emotional Distress.

//
//
//

## II.

## BRIEF PROCEDURAL HISTORY OF CASE

A pre-trial scheduling conference took place on November 5, 2007. The Rule 26 (a) disclosure is due 30 days thereafter, i.e., December 5, 2007. At this juncture, despite diligence on Defendants' behalf, the Defendants have been unable to compile all documents and information necessary to complete the disclosure.

## III.

## GOOD CAUSE FOR ORDER RESETTING PRETRIAL DATES AND TRIAL DATES

Defendants have worked diligently to gather all necessary information and documents so that the Rule 26 (a) disclosure could be completed in a timely manner. Defendants, despite their best efforts, have been unsuccessful in doing so.

IT IS HEREBY STIPULATED AS FOLLOWS:

1. Defendants, THOUSAND TRAILS MANAGEMENT SERVICES INCORPORATED, and NATIONAL AMERICAN CORPORATION LP, wishes to extend the Rule 26 (a) disclosure date for a period of 14 days.

DATED: December 3, 2007

                                                    ARBUTHNOT, KILDUFF,
                                                    DAY & LINDSTROM, INC.

                                                    /s/ Charles S. Painter, Esq.

                                                  CHARLES S. PAINTER ( SBN 89045)
                                                  Attorneys for Defendants
                                                  ERICKSEN, ARBUTHNOT, KILDUFF,
                                                  DAY & LINDSTROM, INC.
                                                  100 Howe Avenue, Suite 110 South
                                                  Sacramento, CA   95825-8201
                                                  (916) 483-5181 Telephone
                                                  (916) 483-7558 Facsimile
                                                  cpainter@eakdl.com

//

STIPULATION AND ORDER RE INITIAL DISCLOSURES      -3-
07-056/PLEADING.019
CSP:RAD:

DATED: December 3, 2007

THE DOLAN LAW FIRM

/s/ Rachel Pusey, Esq.  (as authorized on 12/3/07)

RACHEL PUSEY ( SBN 224880)
Attorneys for Plaintiff
THE DOLAN LAW FIRM
78 First Street
San Francisco, CA 94105
(415) 421-2800 Telephone
(415) 421-2830 Facsimile
rachel@cbdlaw.com

### **ORDER**

GOOD CAUSE EXISTS FOR THE REQUESTED MODIFICATION OF THE SCHEDULING ORDER.  THE REQUEST IS GRANTED.

IT IS SO ORDERED.

**Dated:   December 5, 2007**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE